FILED

April 18, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:26 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **Rickie A. Brown,** | ) | **Docket No. 2016-05-0775** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 45595-2015** |
| **Goodman Global,** | ) | |
| **Employer,** | ) | **Judge Dale Tipps** |
| **and** | ) | |
| **Ace American Ins. Co.,** | ) | |
| **Insurance Company.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

This matter came before the undersigned workers' compensation judge on April 12, 2017, on the Request for Expedited Hearing filed by Rickie Brown. The present focus of this case is whether Mr. Brown is entitled to medical and temporary disability benefits for his alleged skin condition. The central legal issue is whether Mr. Brown is likely to establish at a hearing on the merits that Goodman Global must provide additional medical treatment and temporary disability benefits. For the reasons set forth below, the Court holds Mr. Brown is not entitled to the requested benefits at this time.

### History of Claim

Mr. Brown testified that, while working with fiberglass insulation at Goodman in June 2015, he noticed a rash on his arms, hands, and legs. He reported the condition to his supervisors. Goodman accepted the claim as compensable and provided a panel of medical providers from which Mr. Brown selected Skin Solutions in Pulaski, Tennessee.

The earliest medical record submitted by the parties is from Skin Solutions, dated January 5, 2016. Mr. Brown saw PA Darryl Smith for complaints of rash/fiberglass

reaction that began at work six months earlier. PA Smith assessed rash and pruritus and prescribed Zyrtex, Allegra, and Claritin. He also wrote that Mr. Brown could return to work without physical restrictions but recommended that he not work with fiberglass insulation until his condition resolved. Subsequent records show Mr. Brown returned for three visits in June to undergo patch testing to determine whether the rash resulted from an allergic reaction.

On Mr. Brown's last visit to Skin Solutions on July 7, 2016, PA Kelsey Mauro interpreted the patch test results and provided Mr. Brown with handouts regarding the allergens that caused a reaction. PA Mauro also either recommended or prescribed a cleanser and a moisturizer. She released Mr. Brown to return to regular work but said he should stay away from insulation and associated allergens. PA Mauro also filled out a Final Medical Report indicating that Mr. Brown reached maximum medical improvement (MMI) on June 17, 2016, and retained no permanent impairment.

Regarding the issues before the Court, Mr. Brown acknowledged Goodman initially provided and paid for his medical treatment. However, he testified that at some point the pharmacy refused to fill his prescriptions.

Similarly, Mr. Brown testified that Goodman initially paid temporary disability benefits but later terminated those benefits. Although he was unsure exactly when his benefits stopped, he admitted it could have been after PA Mauro found him to be at MMI. Goodman never allowed him to return to work, and he remained unemployed until he found a new job in November 2016. He seeks temporary disability benefits for his period of unemployment and additional medical treatment.

**Findings of Fact and Conclusions of Law**

The following legal principles govern this case. Tennessee Code Annotated section 50-6-239(b)(1) (2016) states that "only issues that have been certified by a workers' compensation mediator within a dispute certification notice (DCN) may be presented to the workers' compensation judge for adjudication," unless permission has been granted by the judge for parties to present additional issues. Because the DCN did not list compensability as a disputed issue and the parties did not request permission to present additional issues, the Court deems compensability of Mr. Brown's claim to be undisputed. Therefore, he is not required to make the usual showing that his alleged injury arose primarily out of and in the course and scope of his employment, as required by Tenn. Code Ann. § 50-6-102(14) (2016).

However, because the DCN identified medical treatment as one of the disputed issues, Mr. Brown must show "to a reasonable degree of medical certainty that [his work] contributed more than fifty percent (50%) in causing the . . . need for medical treatment, considering all causes." The phrase "to a reasonable degree of medical certainty" means

2

that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14)(C) and (D).

Because this case is in a posture of an Expedited Hearing, Mr. Brown need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1).

None of the records submitted by Mr. Brown contains any medical opinion as to whether the need for any future medical treatment is causally related to the work injury. Absent any such opinion, Mr. Brown has not demonstrated he is likely to prevail at a hearing on the merits on the issue of the cause of his current medical needs.

Further, Mr. Brown presented no evidence or testimony indicating that he ever requested a return to his medical providers or that Goodman denied any such request. The only proof of any unpaid or denied medical treatment was Mr. Brown's testimony that the pharmacy refused to fill his prescriptions. He failed, however, to provide any information about what prescriptions were unfilled, why they were prescribed, who prescribed them, or why they were denied. The lack of this information prevents the Court from concluding that Goodman denied medical benefits. Because Goodman does not dispute compensability, Mr. Brown may be entitled to continuing medical treatment, but he has not presented enough evidence to justify an order for such treatment at this time.

Mr. Brown also seeks payment of temporary disability benefits. An injured worker is eligible for temporary total disability (TTD) benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Mr. Brown presented no evidence that any medical provider ever took him completely off work. Therefore, he appears unlikely to prevail on a claim for TTD benefits at a hearing on the merits.

The only other category of temporary benefits the Court may consider is temporary partial disability (TPD) benefits. TPD is a category of vocational disability available when the temporary disability is not total. *Id.; see also* Tenn. Code Ann. § 50-6-207(1)-(2) (2016). Specifically, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Id.,* (citing *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov.

3

15, 2005)).

The evidence shows that Mr. Brown's providers recommended that he not work with fiberglass. To the extent this constituted a temporary disability, Mr. Brown may have been entitled to some period of TPD benefits. However, he failed to present any evidence proving the duration of that disability. The Court has no information as to when Goodman began paying temporary disability benefits, how much they paid, or when they stopped. Further, as noted above, Mr. Brown submitted no medical opinion as to the cause of his rash. Absent medical proof of a causal connection between the injury and the inability to work, as well as evidence establishing the duration of the period of disability, the Court cannot find Mr. Brown appears likely to prevail on a claim for TPD benefits at a hearing on the merits.

Based on the foregoing, as a matter of law, Mr. Brown has not come forward with sufficient evidence from which the Court can conclude he is likely to prevail at a hearing on the merits. His request for medical and temporary disability benefits is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Brown's claim against Goodman and its workers' compensation carrier for the requested medical and temporary disability benefits is denied.

2. This matter is set for a Scheduling Hearing on June 28, 2017, at 9:00 a.m. You must call 615-741-2112 or toll free at 855-874-0473 to participate. Failure to call may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

**ENTERED this the 18ᵗʰ day of April, 2017.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

Exhibits:
1. Affidavit of Rickie Brown
2. PA Darryl Smith's January 5, 2016 Progress Note
3. Records from Skin Solutions
4. First Report of Injury
5. Wage Statement
6. Digital photograph disc (Identification Only)
7. CVS pharmacy prescription record (Identification Only)
8. January 5, 2016 return-to-work note

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Benefits was sent to the following recipients by the following methods of service on this the 18th day of April, 2017.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|------|----------------|---------|-----------|---------------|
| Rickie Brown | X | | X | 316 McLean Street<br>Pulaski, TN 38478<br>lbrown@impactcenters.net |
| Peter Rosen, Attorney | | | X | prosen@levineorr.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**